## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-11403

DELTA BRANDS, INC.,

Plaintiff-Appellant,

versus

WYSONG & MILES CO.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(3-97-CV-1935-BC)

November 30, 1999

Before KING, Chief Judge, POLITZ and STEWART, Circuit Judges.

PER CURIAM:[*]

Delta Brands, Inc. appeals an adverse summary judgment in its contractual dispute with Wysong & Miles Company. We affirm.

## BACKGROUND

DBI and Wysong entered into a contract for the purchase of two Wysong Model 625 Mechanical Trim Shears. Upon receipt of final payment from DBI Wysong shipped the shears. Shortly thereafter DBI discovered that the shears were too narrow for their intended purpose. When Wysong declined to refund the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purchase price or to provide shears that met DBI's needs, DBI filed a breach of contract suit against Wysong. The parties consented to trial before the magistrate judge.

DBI's breach of contract claim centered on its contention that the shears were not manufactured in accordance with specifications contained in their contract. Wysong maintained, however, that the specifications referred to by DBI were not a part of the contract and sought summary judgment. Both parties agreed that a contract existed and that the case was governed by the Texas version of the Uniform Commercial Code. The parties further relied on communications made during their negotiations to support their positions regarding the terms of the contract. After considering Wysong's motion and DBI's response, the magistrate judge granted summary judgment to Wysong. The magistrate judge concluded that Wysong's October 23, 1996 price quote, as modified by the November 25th and December 6th price revisions, was sufficient in detail and form to constitute the offer. She also determined that DBI's December 9, 1996 purchase order was an unconditional acceptance of Wysong's offer, creating a valid contract. The magistrate judge ruled that the contract did not include DBI's November 25th fax to Wysong, which contained the specifications relied upon by DBI in support of its breach of contract claim. Nor did the contract terms include any verbal communications regarding the specifications set forth in the fax. Because these specifications were not made a part of the contract, the judge concluded that Wysong performed in accordance with the contractual terms as a matter of law, and

2

granted summary judgment to Wysong.  DBI timely appealed.

## ANALYSIS

We review the trial court's grant of summary judgment *de novo*.[2]  Because jurisdiction herein is based on diversity of citizenship of the parties, Texas law is the applicable substantive authority and the Texas version of the UCC guides our analysis.[3]  From this predicate we consider DBI's contentions on appeal.

DBI contends that summary judgment was improper because genuine issues of material fact existed regarding which communications constituted the offer and acceptance, whether the specifications included in the November 25th fax were part of the contract terms, and whether Wysong breached the contract.  We are not persuaded.

First, DBI is correct in noting that contract formation is a question of fact under Texas law.[4]  Summary judgment, however, is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5]  All fact questions

---

[2]**Horton v. City of Houston**, 179 F.3d 188 (5th Cir. 1999), pet. for cert. filed, 68 U.S.L.W. 3251 (U.S. Sept. 28, 1999) (No. 99-546).

[3]**Erie R. Co. v. Tompkins**, 304 U.S. 64 (1938).

[4]**Crest Ridge Constr. Group v. Newcourt, Inc.**, 78 F.3d 146 (5th Cir. 1996).

[5]Fed. R. Civ. P. 56(c).  This court has noted that:

An issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party.  If, on the other hand, the evidence offered by both the moving and opposing parties would support only one conclusion and, even if all the evidence to the contrary is fully credited, a trial court would

must be viewed in the light most favorable to the non-movant, and any questions of law are reviewed *de novo*.[6] Even when viewed in the light most favorable to DBI, the characteristics of Wysong's October 23rd price quote compel the conclusion that it qualifies as a firm offer under the Texas UCC and Texas precedent.[7] Also, the language of DBI's December 9th purchase order compels the conclusion that it constitutes an unconditional acceptance of the offer to sell Wysong Model 625 Mechanical Trim Shears. We find no genuine issue of material fact regarding which communications constituted the offer and acceptance in the present case, and we agree with the analysis by the magistrate judge regarding the characterization of the parties' communications.

Second, we agree with the magistrate judge that the specifications contained in the November 25th fax were not part of the contract. Under Texas law, the interpretation of a contract is a question of law for the court.[8] Because the parties disagree about the meaning of the contractual terms judicial interpretation of the contract is appropriate. The court's role is to effectuate the intent of the parties in construing a contract.[9] Where the contract is unambiguous, the court gives effect

---

be obliged to direct a verdict in favor of the moving party, the issue is not genuine. **Prof'l Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis**, 799 F.2d 218, 222 (5th Cir. 1986).

[6]**Horton**, 179 F.3d at 188.

[7]**See, e.g., Tubelite, Inc. v. Risica & Sons, Inc.**, 819 S.W.2d 801 (Tex. 1991) (noting the quote was valid for 60 days, signed by Tubelite's authorized agent, did not limit acceptance to a specified manner, and required acceptance of all terms, and thus, "invited acceptance in any manner and by any medium reasonable under the circumstances").

[8]**Assicurazioni Generali S.p.A. v. Ranger Ins. Co.**, 64 F.3d 979 (5th Cir. 1995).

[9]**Koch Indus., Inc. v. Sun Co., Inc.**, 918 F.2d 1203 (5th Cir. 1990).

to the parties' intent as expressed in the contract and the writing alone usually will be deemed to express the parties' intent, as an objective determination controls the analysis.[10] We agree with the trial judge that the contract is fully integrated. Because nothing in the offer or acceptance refers to the specifications set forth in the November 25th fax, DBI is precluded as a matter of law from offering any evidence that alters or contradicts the agreement. We agree with Wysong that the specifications proffered by DBI would materially alter the contract. Thus, the court correctly found that the specifications were not part of the contract between Wysong and DBI.

Finally, there is no factual dispute about whether Wysong breached the contract. The contract was for the purchase of two Wysong 625 Mechanical Trim Shears conforming to the specifications set out in Wysong's offer, and that is precisely what Wysong delivered. Wysong did not breach the contract as a matter of law.

The judgment appealed is AFFIRMED.

---

[10] **City of Pinehurst v. Spooner Addition Water Co.**, 432 S.W.2d 515 (Tex. 1968).